```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
```

JOSEPH MCADAMS,                      1:19-cv-17274 (NLH)

        Petitioner,         **OPINION**

   v.

THE UNITED STATES OF AMERICA,

        Respondent.

**APPEARANCES**:

JOSEPH MCADAMS
05831-050
DANBURY FEDERAL CORRECTIONAL INSTITUTION
33-1/2 PEMBROKE STATION
DANBURY, CT 06811

   *Petitioner appearing pro se*

SAMANTHA C. FASANELLO
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
970 BROAD STREET
NEWARK, NJ 07102

   *On behalf of Respondent*

**HILLMAN, District Judge**

   This matter comes before the Court on Petitioner Joseph McAdams' motion to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255.[1]  On September 25, 2009,

---

[1] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a defendant in federal custody may file a motion collaterally attacking his sentence based on certain specifically listed

Petitioner pleaded guilty to an eleven-count information. Counts One through Ten charged bank robbery, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2. Count Eleven charged use of a firearm in furtherance of bank robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (See 09-cr-737.) On April 15, 2010, the Honorable Jerome B. Simandle, U.S.D.J. sentenced Petitioner to ten concurrent 235-month terms of imprisonment for Counts One through Ten, and one 84-month consecutive term of imprisonment for Count Eleven, totaling a total term of imprisonment of 319 months.

---

grounds, namely that the sentence was imposed in violation of the Constitution or federal law, that the court was without jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). A defendant is allowed only one such motion as of right. Id. § 2255(b),(h). A second or successive motion must be certified by a court of appeals to rely upon either "newly discovered evidence" showing innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. § 2255(h). This is Petitioner's second motion under § 2255. See Civil Action Number 1:13-cv-01612. It is properly brought before this Court, however, after the Third Circuit Court of Appeals permitted Petitioner's second motion so that this Court could address substantively Petitioner's arguments under United States v. Davis, 139 S. Ct. 2319 (2019), see C.A. No. 16-2842 (3d Cir. Aug. 19, 2019). The Government argues that Petitioner's motion must be denied because he procedurally defaulted - i.e., because Petitioner did not file a direct appeal in his criminal case, Petitioner is barred from filing a motion pursuant to § 2255. The Court finds that argument to be without merit for several reasons, but primarily because the Third Circuit certified Petitioner's right to file a second motion pursuant to § 2255. See Docket No. 1-1; 28 U.S.C. § 2255(h).

2

Petitioner was subject to a mandatory consecutive 7-year term of imprisonment pursuant to 18 U.S.C. § 924(c). He was also subject to a further sentencing enhancement as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which requires the imposition of a minimum 15-year term of imprisonment for recidivists convicted of unlawful possession of a firearm under 18 U.S.C. § 922(g), who have three prior state or federal convictions of a "violent felony" or "serious drug offense."

On June 20, 2016, Petitioner filed the instant motion to vacate his sentence directly with the Court of Appeals for the Third Circuit. See supra note 1. On August 19, 2019, the Third Circuit certified the petition and directed the sentencing court to address the petition on its merits.[2] (See Docket No. 1-1.) Petitioner's § 2255 motion was assigned to this Court.[3]

Petitioner contends that his conviction and term of imprisonment must be vacated because bank robbery under 18 U.S.C. § 2113 is not a "crime of violence" under 18 U.S.C. § 924(c). Section 924(c)(1) authorizes heightened criminal penalties for using or carrying a firearm "during and in

---

[2] The Third Circuit certified over two dozen pending § 2255s as a result of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), which is discussed below.

[3] Judge Simandle passed away in July 2019 and the matter as transferred to the undersigned for disposition.

relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." The term "crime of violence" is defined in two subparts - the first is referred to as the elements clause, and the second is referred to as the residual clause. A "crime of violence" is "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).[4]

In United States v. Davis, 139 S. Ct. 2319 (U.S. 2019), the Supreme Court found the residual clause of § 924(c)(3) to be unconstitutionally void for vagueness. This decision was in accord with a series of cases involving similarly worded residual clauses in other criminal statutes. In Johnson v. United States, 135 S. Ct. 2551 (U.S. 2015), the Supreme Court declared a portion of ACCA, § 924(e)(2)(B) - "or otherwise involves conduct that presents a serious potential risk of physical injury to another" - unconstitutionally vague and

---

[4] "Violators of § 924(c) face a mandatory minimum sentence of five years in prison, over and above any sentence they receive for the underlying crime of violence or drug trafficking crime. The minimum sentence rises to 7 years if the defendant brandishes the firearm and 10 years if he discharges it." United States v. Davis, 139 S. Ct. 2319, 2324 (U.S. 2019).

4

effectively void.[5]

In Sessions v. Dimaya, 138 S. Ct. 1204 (U.S. 2018), the Supreme Court considered the residual clause of 18 U.S.C. § 16, which defines a "crime of violence" for purposes of many federal statutes, and contains an elements clause and a residual clause. The residual clause of § 16 provides, "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b). The Supreme Court found that § 16's residual clause was unconstitutionally vague.

In Petitioner's § 2255 motion, Petitioner argues that bank robbery under 18 U.S.C. § 2113 is not a crime of violence under § 924(c)(3)'s residual clause. In Petitioner's response to the

---

[5] In Welch v. United States, 136 S. Ct. 1257 (U.S. 2016), the Supreme Court found that Johnson announced a substantive rule that applied retroactively on collateral review. Petitioner's § 2255 motion, which was filed in June 2016, is based on an extension of the Supreme Court's reasoning in Johnson to the residual clause in 18 U.S.C. § 924(c)(1). Even though Petitioner was sentenced as an armed career criminal under ACCA, he has not challenged his sentence under ACCA in his current motion. The calculation of Petitioner's term of imprisonment under ACCA was addressed by Judge Simandle in Petitioner's first § 2255 motion in the context of his argument that he received ineffective assistance of counsel. See Civil Action No. 1:13-cv-01612. Judge Simandle dismissed Petitioner's motion. See 1:13-cv-01612, Docket No. 32, 33. Currently pending in that action, which has been reassigned to this Court, is Petitioner's motion to reopen, in which Petitioner argues that the sentence imposed under ACCA was improper.

5

Government's opposition, Petitioner also argues that bank robbery under 18 U.S.C. § 2113 is not a crime of violence under § 924(c)(3)'s elements clause.

If Petitioner's guilty plea to bank robbery under 18 U.S.C. § 2113 served as the predicate offense for a mandatory minimum sentence under § 924(c)(3)(B), the residual clause, but not under § 924(c)(3)(A), the elements clause, then Petitioner's motion could have merit because the Supreme Court has invalided the residual clause. See Davis, 139 S. Ct. at 2336.

Petitioner was sentenced under the elements clause, however, and his argument as to why bank robbery under 18 U.S.C. § 2113 does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another" under § 924(c)(3)(A) is unavailing. See United States v. Johnson, 899 F.3d 191, 203 (3d Cir. 2018) (explaining pre-Davis that because a crime is a "crime of violence" if it meets either the elements clause or the residual clause of § 924(c)(3), in order to reach the petitioner's residual-clause argument, the court would need to agree with him that § 2113(d) bank robbery is not a crime of violence under the elements clause").[6]

---

[6] Unlike Johnson, which the Supreme Court directed was to be applied retroactively in Mathis, the Supreme Court in Davis did not expressly state that its holding applies retroactively to cases on collateral review. The Third Circuit has directed that

6

Section 2113(a) provides,

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings

---

petitions that implicate Davis meet the pre-filing gatekeeping requirements that 1)petitioner's claim rely on a new rule of constitutional law, (2) made retroactive to cases on collateral review by the Supreme Court, (3) that was previously unavailable. In re Matthews, 934 F.3d 296, 301, 301 n.3 (3d Cir. 2019) (citing 28 U.S.C. § 2244(b)(2)(A) for the gatekeeping requirements for a second or successive § 2255 petition, and noting that it was authorizing over 200 pending, pre-Davis applications to proceed with a second or successive § 2255 after the Supreme Court issued its decision in Davis). Petitioner's challenge to his sentence does not implicate a new rule of constitutional law, however, because he was not sentenced under the residual clause of § 924(c)(3). Nevertheless, this Court is still obligated to consider the substance of Petitioner's petition because the Third Circuit held that the determination of whether the petitioner's "crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry," and therefore the district court must make that determination. In re Matthews, 934 F.3d 296, 301 (3d Cir. 2019); see also Docket No. 1-1, Third Circuit Order, August 19, 2019 ("Pursuant to footnote 2 in the Court's opinion in In re Michael Matthews, et al., Nos. 16-2027, 16-2080 , 16-2273 , 16-2312 , 16-2422, 16-2414, and 16-2422, ___ F.3d ___ (3d Cir. August 14, 2019), the Applications for Leave to File Second or Successive Habeas Corpus Petitions listed in the attached Appendix are hereby GRANTED. The Clerk is directed to transfer the applications to the United States District Court for the District of New Jersey. Any motions pending in the actions are dismissed as moot.").

and loan association and in violation of any statute of the United States, or any larceny--

Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). Petitioner pleaded guilty to ten counts for his violation of § 2113(a). Petitioner also pleaded guilty to 10 counts for violating 28 U.S.C. § 2113(d), which provides, "Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both." (1:09-cr-00737-JBS, Docket No. 19.)

Petitioner contends that the term "intimidation" in § 2113(a) is ambiguous, and such ambiguity should be resolved in his favor. Petitioner argues that the element of "intimidation" does not constitute "the use, attempted use, or threatened use of physical force against the person or property of another" as required by the elements clause of § 924(c)(3)(A) because "intimidation" can be accomplished without violence through a note passed to a bank teller. Petitioner cites to United States v. Andrews, 337 F. App'x 227, 231 (3d Cir. 2009), which noted that "Courts have consistently held that merely presenting a bank teller with a demand note is sufficient to satisfy the 'intimidation' element of § 2113, even in the absence of any

8

accompanying explicit threat of violence."

There are two fundamental flaws with Petitioner's argument. First, Petitioner cites to no case that has construed the term "intimidation" in § 2113(a) to be ambiguous and not constitute the "threatened use of physical force against the person or property of another." Indeed, the case cited by Petitioner reaffirms that intimidation is a threat of physical force. <u>Andrews</u>, 337 F. App'x at 231 (quoting <u>United States v. Gilmore</u>, 282 F.3d 398, 402 (6th Cir. 2002) ("Demands for money amount to intimidation because they carry with them an implicit threat; if the money is not produced, harm to the teller or other bank employee may result.")). More directly on point, the Third Circuit has succinctly held that "[u]narmed bank robbery by intimidation clearly does involve the 'threatened use of physical force against the person of another,'" because even "[i]f a common sense understanding of the word 'intimidation' were not enough to prove that, our precedent establishes that § 2113(a)'s prohibition on taking the 'property or money or any other thing of value' either 'by force and violence, or by intimidation' has as an element the 'threat of force.'" <u>United States v. Wilson</u>, 880 F.3d 80, 84-85 (3d Cir. 2018) (comparing the elements of § 2113(a) with the essentially identical elements clause in ACCA, 18 U.S.C. § 924(e)(2)(B)).

The second flaw with Petitioner's argument is that his

9

violation of § 2113 was not limited only to the element of intimidation. Petitioner pleaded guilty to § 2113(d) because he brandished a firearm in each of the ten incidents for which he was charged and pleaded guilty to. The Third Circuit has expressly found that § 2113(d) constitutes a crime of violence:

> § 2113(d) [] provides penalties for any person who, "in committing . . . any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). And "assault[ing]" someone or putting a life in "jeopardy . . . by the use of a dangerous weapon," id., meets the elements clause: it "has as an element the use, attempted use, or threatened use of physical force," id. at § 924(c)(3)(A). One cannot assault a person, or jeopardize his or her life with a dangerous weapon, unless one uses, attempts to use, or threatens physical force.

Johnson, 899 F.3d at 203–04 (further finding that the petitioner's argument under § 2113(a) that intimidation does not necessarily require force to be unavailing under Wilson, which "forecloses [the petitioner's] argument that bank robbery is not crime of violence under the § 924(c)(3) elements clause").

In sum, Petitioner was not sentenced under § 924(c)(3)'s residual clause, which is the only basis for a procedurally and substantively proper second § 2255. Moreover, Petitioner was sentenced under § 924(c)(3)'s elements clause, which encompasses Petitioner's guilty pleas to "crimes of violence" under § 2113(a) and § 2113(b). Petitioner's § 2255 motion is without merit and must be denied.

Because the Court will deny Petitioner's § 2255 motion, the Court must determine whether to issue a certificate of appealability ("COA").  A COA is a "jurisdictional prerequisite" to an appeal on the merits, and "the COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal."  U.S. v. Doe, 810 F.3d 132, 143 (3d Cir. 2015) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).  Section 2253(c)(2) provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  To satisfy that standard, a petitioner must demonstrate that "'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'"  Banks v. Dretke, 540 U.S. 668, 705 (2004) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)).  Here, jurists of reason could not disagree with the Court's resolution of Petitioner's claims.  The Court will deny a certificate of appealability.

An appropriate Order will be entered.


Date: February 13, 2020          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.